Filed 7/23/14  In re Danny C. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re DANNY C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANNY C.,<br><br>    Defendant and Appellant. | G049589<br><br>(Super. Ct. No. DL048247)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Richard Y. Lee, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

## 1. Introduction

In the dispositional order, the juvenile court found to be true beyond a reasonable doubt allegations that Danny C. (the Minor) committed one count (count 1) of forcibly committing a lewd or lascivious act upon a child under the age of 14 years (Pen. Code, § 288, subd. (b)(1)) and one count (count 4) of making criminal threats (*id.*, § 422, subd. (a)). The court ordered the Minor to continue as a ward of the court pursuant to Welfare and Institutions Code section 602 (section 602) and committed him to the custody of the Orange County Probation Department for commitment to juvenile hall for 68 days, with credit for 54 days previously served.

The Minor timely appealed from the dispositional order. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel filed a brief setting forth the facts of the case and requesting that we review the entire record. The Minor was granted 30 days to file written arguments in his own behalf, but did not file anything.

We have examined the entire record and counsel's *Wende*/*Anders* brief and have found no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

## 2. Procedural History

In July 2013, wardship proceedings commenced against the Minor, who was then 13 years of age. The district attorney filed a petition (Petition No. 1) alleging the Minor committed one count of continuous sexual abuse (Pen. Code, § 288.5, subd. (a)), two counts of committing a lewd or lascivious act upon a child under the age of 14 years (*id.*, § 288, subd. (a)), two counts of inducing a child under the age of 16 years to engage in a lewd act (*id.*, § 266j), one count of dissuading a witness from reporting a crime (*id.*, § 136.1, subd. (b)(1)), and one count of sodomy with another person under the age of 18 years (*id.*, § 286, subd. (b)(1)).

In October 2013, a second petition (Petition No. 2) was filed, alleging two counts (counts 1 and 2) of forcibly committing a lewd or lascivious act upon a child under the age of 14 years (Pen. Code, § 288, subd. (b)(1)), one count (count 3) of dissuading a witness by force or threat (*id.*, § 136.1, subd. (c)(1)), and one count (count 4) of making criminal threats (*id.*, § 422, subd. (a)).

On November 22, 2013, the Minor entered into a plea agreement on Petition No. 1. The Minor admitted the truth of the allegations of the two counts of committing a lewd or lascivious act upon a child under the age of 14 years and the one count of sodomy with another person under the age of 18 years, as alleged in Petition No. 1. The juvenile court found the allegations of those counts to be true beyond a reasonable doubt. The court declared the Minor to be a ward of the court pursuant to section 602 and committed him to the Orange County Probation Department for commitment to juvenile hall for 64 days, with credit for 64 days previously served. The Minor was placed on probation, subject to various terms and conditions. The remaining counts of Petition No. 1 were dismissed.

A trial was conducted on Petition No. 2 from November 20 to 26, 2013. After the close of the prosecution's case-in-chief, the juvenile court granted the Minor's motion to dismiss counts 2 and 3 pursuant to Welfare and Institutions Code section 701.1. At the end of trial, the court found the allegations of counts 1 and 4 to be true beyond a reasonable doubt and ordered that the Minor continue to be a ward of the court under section 602.

## 3. Facts

The Minor lived in an apartment in Garden Grove with his mother, a cousin, and his maternal grandparents. On October 24, 2012, M.D., who was then 10 years old, was at the apartment with his father, who was the Minor's uncle, to celebrate the father's birthday. The Minor was 12 years old at that time.

M.D. was sitting in the living room with his father and grandparents, when his father announced he was going to take a shower and then take M.D. to see a movie. The Minor entered the living room and said to M.D., "come here, I want to show you something." The Minor and M.D. went into the bedroom that the Minor shared with his mother, and the Minor closed and locked the door behind them. The Minor asked M.D. if he remembered what they had done when they were little. M.D., who had suffered a head injury at some point in time, said he did not remember. The Minor accused M.D. of lying, turned up the volume on the television, took off his own pants, and tried to take off M.D.'s pants. M.D. asked, "what are you doing?" When the Minor tried to remove M.D.'s boxer shorts, M.D asked him to stop. The Minor pushed M.D. against a wall, threw him onto the floor, and placed his penis into M.D.'s anus.

M.D. wanted to shout to his father for help, but the Minor held his face to the floor so M.D. would not scream and could not breathe. At some point, M.D.'s father, who had gotten out of the shower and dressed, knocked on the bedroom door, told the boys to lower the volume on the television, and asked if M.D. was ready to go to the movies. The Minor said M.D. was putting on his shoes and would be out in a minute. After M.D.'s father walked away, the Minor picked up M.D., shoved him against a closet door, and said, "if you tell anyone, I'm going to kill you." Later, while leaving to go to the movies, M.D. looked back and saw the Minor make motions as though he were stabbing M.D.

## 4. Analysis

We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal. The Minor himself has not raised any issues for our review. (*People v. Kelly* (2006) 40 Cal.4th 106, 120, 124.)

## 5.  Disposition

The dispositional order is affirmed.


FYBEL, J.

WE CONCUR:


MOORE, ACTING P. J.


ARONSON, J.